UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDY SMARTER LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>STUDYSMARTER UG, et al,<br><br>                    Defendants. | Case No.: 22cv471-LL-BGS<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF INTERNATIONAL PROCESS SERVER**<br><br>**[ECF Nos. 7, 8]** |

This matter is before the Court on Plaintiff Study Smarter LLC's Ex Parte Application for Order Appointing International Process Server, filed on May 11, 2022, to appoint Crowe Foreign Services of Portland, Oregon to effect service on Defendant StudySmarter UG ("Defendant"),[1] a limited liability company existing under the laws of Germany. ECF No. 7. Plaintiff filed a virtually identical successive ex parte application

---

[1] Plaintiff's complaint and ex parte applications name ten Doe Defendants without making specific allegations as to the Doe Defendants. The Federal Rules of Civil Procedure make no provision for the use of fictitious defendants. *See* Fed. R. Civ. P 10(a); *Molnar v. Nat'l Broad. Co.*, 231 F.2d 684, 687 (9th Cir. 1956); *Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1030-31 (S.D. Cal. 2021). Plaintiff is advised to review the Federal Rules of Civil Procedure and amend its pleading if warranted.

1

(omitting the statement that Plaintiff has 90 days to effect service on Defendant), declaration, and identical exhibits seeking the same action from this Court on June 30, 2022. ECF No. 8. For the reasons discussed below, the Court **DENIES** Plaintiff's applications **without prejudice**.

## I.   LEGAL STANDARD

Service of process on a limited liability company in a foreign country may be made in any manner prescribed by Rule 4(f), excepting personal delivery under Rule 4(f)(2)(C)(i). Fed. R. Civ. P. 4(h). If service is sought on a defendant in a country that is party to the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention" or "Convention"), *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, compliance with the Convention's provisions is mandatory. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). The primary means of accomplishing service under the Convention is through the receiving country's Central Authority. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The Convention also permits certain enumerated alternate methods of service if the receiving country does not object, and countries may designate additional methods of service circumscribed by the Convention. *See Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508 (2017); *Schlunk*, 486 U.S. at 699. Rule 4(f) gives effect to the Hague Convention by incorporating the United States' treaty obligations into the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(f) advisory committee's note to 1993 amendment. *See also Brockmeyer*, 383 F.3d at 804 (Rule 4(f)(1) affirmatively authorizes use of a Central Authority under the Hague Convention), 805–06 (Rule 4(f)(3) affirmatively authorizes federal district courts to direct any form of service not prohibited by the Convention if a party obtains prior approval from the court); *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015-16 (9th Cir. 2002) (court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) unless prohibited by the Hague Convention.) Service in a foreign country is not subject to the general time limits on service

of process. Fed. R. Civ. P. 4(m); *Lucas v. Natoli*, 936 F.2d 432, 432-33 (9th Cir. 1991) (per curiam).

## II. DISCUSSION

The United States and Germany are parties to the Hague Convention.[2] Germany has objected to receive service by alternate methods, prohibiting service by mail or through judicial agents on a party in Germany.[3] Therefore, service to a party in Germany must proceed through its Central Authority. *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1076 (9th Cir. 1999) (noting that Germany requires requests for service of process to be addressed solely to the designated central authority).

Plaintiff states that it has retained Crowe Foreign Services ("CFS") of Portland, Oregon, and its employee Celeste Ingalls, to effect service upon Defendant "by liaising with and working directly with the Central Authority of Germany in accordance with German law and procedure." ECF No. 8 ¶ 5. Plaintiff submits that "[s]ervice of process via the Hague Convention must be preceded by an Order from this Court appointing an International Process Server to comply with the requests of the German government" and requests that this Court appoint Ingalls "as the international process server to request service in accordance with the Hague Service Convention." *Id.* ¶ 6. In support of its

---

[2] Table of Contracting Parties, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, HAGUE CONF. ON PRIV. INT'L LAW, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited July 11, 2022).

[3] "[T] the Government of the Federal Republic of Germany objects to the use of methods of transmission pursuant to Articles 8 and 10. Service through diplomatic or consular agents (Article 8 of the Convention) is therefore only permissible if the document is to be served upon a national of the State sending the document. Service pursuant to Article 10 of the Convention shall not be effected." Declaration 4, Federal Republic of Germany, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, HAGUE CONF. ON PRIV. INT'L LAW, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=402&disp=resdn (last visited July 11, 2022).

application, Plaintiff also submitted two prior orders by District Judge Cynthia Bashant appointing Ingalls as an international process server to request service on defendants in Mexico under the Hague Convention, and the Declaration of Ingalls submitted in connection with a prior order, explaining how her appointment would not contravene the requirements of the Hague Convention as well as the necessity of a court order to effect service through the Central Authority of Mexico. ECF No. 8-2.

Article 3 of the Hague Convention dictates that "[t]he authority or judicial officer competent under the law of the State in which the documents originate shall forward to the Central Authority of the State addressed a request . . . *without any requirement of legalisation or other equivalent formality*."[4] Hague Convention art. 3 (emphasis added). Under United States law, "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). *See also Marschhauser v. Travelers Indem. Co.*, 145 F.R.D. 605, 608-09 (S.D. Fla. 1992) (applying Article 3 by reference to Rule 4(c)(2)). The plain text of the Convention makes it clear that no court order is required for a competent individual to request service through the Central Authority of Germany. The prior orders and declaration referenced in support of Plaintiff's application pertain to the necessity of Ingalls' appointment to serve defendants in Mexico, and do not provide an adequate and reasoned explanation for why a court order is necessary for Ingalls to request service through Germany's Central Authority in this case. Counsel

---

[4] Hague Conference on Private International Law, Conclusions and Recommendations Adopted by the Special Commission on the Practical Operation of the Hague Apostille, Evidence and Service Conventions ¶ 47, p.10 (Oct. 28- Nov. 4, 2003) ("it is for the law of the requesting State to determine the competence of the forwarding authorities"), https://assets.hcch.net/upload/wop/lse_concl_e.pdf; *United States of America – Central Authority & practical information*, Hague Conf. on Priv. Int'l Law, https://www.hcch.net/en/states/authorities/details3/?aid=279 (last visited July 11, 2022) ("The persons and entities within the United States competent to transmit service requests abroad pursuant to Article 3 include any court official, any attorney, or any other person or entity authorized by the rules of the court.").

for Plaintiff, agents of CFS, or any other individual meeting the requirements of Rule 4(c) of the Federal Rules of Civil Procedure, may proceed through Germany's Central Authority to request service without a court order. *See, e.g., Am. GNC Corp. v. GoPro, Inc.*, No. 18-cv-00968-BAS-BLM, 2018 WL 6262934, at *1 (S.D. Cal. June 4, 2018) ("Plaintiff may serve the Defendants under Rule 4(f)(1) by proceeding through Germany's Central Authority"). The Department of State,[5] Department of Justice,[6] and the German Missions in the United States[7] also provide guidance for completing the required forms and effecting service pursuant to the Hague Convention.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES without prejudice** Plaintiff's ex parte applications to appoint international process server [ECF Nos. 7, 8] in their entirety. Out of an abundance of caution and to avoid potential delay of service on Defendant StudySmarter UG, the Court simultaneously with this order issues an order certifying with an original signature that the summons in this case is a valid one from this Court.

**IT IS SO ORDERED**.

Dated:  July 11, 2022

Honorable Linda Lopez
United States District Judge

---

[5] Service of Process, Germany Judicial Assistance Information, U.S. DEP'T OF STATE, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Germany.html (last visited July 11, 2022).

[6] United States Department of Justice, Office of Judicial Assistance, Guidance on Service Abroad in U.S. Litigation, https://www.justice.gov/civil/page/file/1064896/download (last visited July 11, 2022).

[7] Service of Documents between the US and Germany, GERMAN MISSIONS IN THE UNITED STATES, https://www.germany.info/us-en/service/08-Documents,CertificationsandApostille/service-of-documents/945230 (last visited July 11, 2022).